**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MATTHEW SCALES, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 25-cv-50 ) |
| v. | ) Hon. Charles P. Kocoras ) |
| COLLECTION PROFESSIONALS, INC., | ) ) |
| Defendant. | ) ) |

**DEFENDANT COLLECTION PROFESSIONALS, INC.'S ANSWER TO**
**PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES Defendant COLLECTION PROFESSIONALS, INC. ("Defendant" or "CPI") by and through its attorneys, Hinshaw & Culbertson LLP, and for its Answer to Plaintiff's Amended Complaint, states the following:

**NATURE OF THE CASE**

1.      The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

**ANSWER:**      **Defendant denies the allegations of this paragraph as it calls for a legal conclusion to which no response is required. To the extent a response is required, upon reasonable inquiry, Defendant denies the allegations to the extent that they do not accurately cite or characterize the law when considered as a whole.**

2.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

**ANSWER:**      **Defendant denies the allegations of this paragraph as it calls for a legal conclusion to which no response is required. To the extent a response is required, upon**

reasonable inquiry, Defendant denies the allegations to the extent that they do not accurately cite or characterize the law when considered as a whole.

3.      Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) - 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter; " to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

**ANSWER:      Defendant denies the allegations of this paragraph as it calls for a legal conclusion to which no response is required. To the extent a response is required, upon reasonable inquiry, Defendant denies the allegations to the extent that they do not accurately cite or characterize the law when considered as a whole.**

4.      To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill u. Trans Union, LLC,* 259 F.3d 662, 666 (7th Cir. 2001).

**ANSWER:      Defendant denies the allegations of this paragraph as it calls for a legal conclusion to which no response is required. To the extent a response is required, upon reasonable inquiry, Defendant denies the allegations to the extent that they do not accurately cite or characterize the law when considered as a whole.**

5.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez u. Apex Financial Management LLC,* 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

**ANSWER:      Defendant denies the allegations of this paragraph as it calls for a legal conclusion to which no response is required. To the extent a response is required, upon reasonable inquiry, Defendant denies the allegations to the extent that they do not accurately cite or characterize the law when considered as a whole.**

6.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq.*

2

**ANSWER:** **Defendant admits that in this action, Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") against Defendant. Defendant denies that it violated the FDCPA and denies that it is liable to Plaintiff in any way. Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the remaining allegations of this paragraph.**

7.      "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, **or in any other court of competent jurisdiction,** within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). (emphasis added).

**ANSWER:** **Defendant denies the allegations of this paragraph as it calls for a legal conclusion to which no response is required. To the extent a response is required, upon reasonable inquiry, Defendant denies the allegations to the extent that they do not accurately cite or characterize the law when considered as a whole.**

8.      The Fair Credit Reporting Act (FCRA) was enacted to promote accuracy, fairness, and the privacy of personal information assembled by credit reporting agencies.

**ANSWER:** **Defendant denies the allegations of this paragraph as it calls for a legal conclusion to which no response is required. To the extent a response is required, upon reasonable inquiry, Defendant denies the allegations to the extent that they do not accurately cite or characterize the law when considered as a whole.**

9.      In enacting the FCRA, Congress found that: "[t]he banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(l).

**ANSWER:** **Defendant denies the allegations of this paragraph as it calls for a legal conclusion to which no response is required. To the extent a response is required, upon reasonable inquiry, Defendant denies the allegations to the extent that they do not accurately cite or characterize the law when considered as a whole.**

10. Moreover , Congress has explicitly stated that the purpose of the FCRA is " ... to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, **accuracy,** relevancy, and proper utilization of such information in accordance with the requirements of this subchapter." 15 U.S.C. § 1681(b) (emphasis added).

**ANSWER:** **Defendant denies the allegations of this paragraph as it calls for a legal conclusion to which no response is required. To the extent a response is required, upon reasonable inquiry, Defendant denies the allegations to the extent that they do not accurately cite or characterize the law when considered as a whole.**

11. To this end, consumer protection statutes such as the FCRA encourage consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC,* 259 F.3d 662, 666 (7th Cir. 2001).

**ANSWER:** **Defendant denies the allegations of this paragraph as it calls for a legal conclusion to which no response is required. To the extent a response is required, upon reasonable inquiry, Defendant denies the allegations to the extent that they do not accurately cite or characterize the law when considered as a whole.**

12. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FCRA, 15 U.S.C. § 1692 *et seq.*

**ANSWER:** **Defendant admits that in this action, Plaintiff alleges violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA") against Defendant. Defendant denies that it violated the FCRA and denies that it is liable to Plaintiff in any way. Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the remaining allegations of this paragraph.**

## JURISDICTION AND VENUE

13. Jurisdiction over Defendant is proper under 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d) because the claims of Plaintiff arose under federal law, specifically, the FDCPA, and the FDCPA is an act of Congress regulating commerce.

4

**ANSWER:** **Subject to its affirmative defenses, Defendant does not contest jurisdiction in this case.**

14. Venue is proper in this District because parts of the acts and transactions occurred here, and Defendants transact substantial business here.

**ANSWER:** **Subject to its affirmative defenses, Defendant does not contest venue in this case.**

## PARTIES

15. Plaintiff Matthew Scales was a resident and citizen of the State of Illinois during all times relevant to this complaint.

**ANSWER:** **Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the allegations in this paragraph.**

16. Defendant CPI is an Illinois corporation that maintains a collection agency license from the State of Illinois, and its registered agent for service of process is Scott Edwards, who can be found at 400 N. Dudley St., Macomb, IL 61455.

**ANSWER:** **Defendant admits the allegations in this paragraph.**

17. Defendant CPI is a debt collector, as that term is defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

**ANSWER:** **Defendant denies the allegations of this paragraph as it calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph accurately characterize the nature of its business when observed as a whole.**

18. Defendant CPI regularly collects defaulted and/or delinquent medical debts on behalf of others.

**ANSWER:** **Defendant admits that, at times, it collects defaulted and/or delinquent medical debts on behalf of others. Defendant denies the remaining allegations contained in**

this paragraph as they do not accurately characterize the nature of its business when observed as a whole.

19.     Defendant CPI is also a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

**ANSWER:     Defendant denies the allegations of this paragraph as it calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph accurately characterize the nature of its business when observed as a whole.**

## FACTUAL ALLEGATIONS

20.     Plaintiff is a resident of the State of Illinois from whom CPI attempted to collect an allegedly delinquent consumer debt owed for a Downers Dental account (the "Account" or the "alleged debt").

**ANSWER:     Defendant admits that its records indicate Plaintiff resides in Illinois, and it attempted to collect from Plaintiff on a delinquent debt owed for a Downers Dental account (the "Account"). Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the truth of the remaining allegations in this paragraph.**

21.     Plaintiff is a "consumer" as that term is defined in § 1692a(3) of the FDCPA.

**ANSWER:     Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the allegations in this paragraph.**

22.     Plaintiff's wife incurred the alleged debt when she had cosmetic dental work performed by Downers Dental.

**ANSWER:     Defendant admits that its records indicate that the debt on the Account was regarding Plaintiff's wife, Christine Scales, and the original creditor was Downers**

Dental. **Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the remaining allegations in this paragraph.**

23.     The alleged debt was incurred for personal, family or household purposes.

**ANSWER:    Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the allegations in this paragraph.**

24.     The alleged debt is a "debt" as that term is defined at§ 1692a(5) of the FDCPA.

**ANSWER:    Defendant denies the allegations of this paragraph as it calls for a legal conclusion to which no response is required. To the extent a response is required, upon reasonable inquiry, Defendant denies the allegations to the extent that they do not accurately cite or characterize the law when considered as a whole.**

25.     Plaintiff's wife made more than ten thousand dollars in payments on the alleged debt, and thought that debt was paid in full.

**ANSWER:    Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the allegations in this paragraph.**

26.     Downers Dental insisted that a balance in the amount of $599.36 remained on the Account.

**ANSWER:    Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the allegations in this paragraph.**

27.     Downers Dental declared the Account to be in default, and retained the services of CPI to collect the debt.

**ANSWER:** **Defendant admits that that Downers Dental placed the Account with Defendant for collection. Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the remaining allegations in this paragraph.**

28.     CPI began efforts to collect the Account.

**ANSWER:** **Defendant admits the allegations in this paragraph.**

29.     On January 8, 2024, CPI sent Plaintiff a letter (the "January 8, 2024 Letter") in an attempt to collect the Account.

**ANSWER:** **Defendant admits the allegations in this paragraph.**

30.     The Letter was a "communication" as that term is defined at § 1692a(2) of the FDCPA.

**ANSWER:** **Defendant denies the allegations of this paragraph as it calls for a legal conclusion to which no response is required. To the extent a response is required, upon reasonable inquiry, Defendant denies the allegations to the extent that they do not accurately cite or characterize the law when considered as a whole.**

31.     The January 8, 2024, Letter conveyed various information regarding the Account, including the amount owed, the identity of the original creditor, and demanded the Plaintiff pay the debt in full.

**ANSWER:** **Defendant does not have a copy of the January 8, 2024, Letter sent to Plaintiff; it has a copy of the letter template. Thus, upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the remaining allegations in this paragraph.**

32.     The January 8, 2024, Letter also states that the Account is "Regarding Christine Scales." Christine Scales is Plaintiff's wife, not Plaintiff.

**ANSWER:** **Defendant admits that its records indicate that the debt on the Account was regarding Plaintiff's wife, Christine Scales. Defendant does not have a copy of the**

**January 8, 2024, Letter sent to Plaintiff; it has a copy of the letter template. Thus, upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the remaining allegations in this paragraph.**

33.     Prior to the January 8, 2024 Letter, CPI had not provided written notice to Plaintiff that it intended to charge interest on the debt, or the contractual or legal basis by which it claimed it was permitted to charge interest.

**ANSWER:     Defendant denies that it "had not provided written notice to Plaintiff that it intended to charge interest on the debt" prior to the January 8, 2024 Letter. Defendant admits that its records indicate that it did not provide written notice to Plaintiff regarding "the contractual or legal basis by which it claimed it was permitted to charge interest" prior to the January 8, 2024, Letter, but denies that it violated any statute, denies any wrongdoing, and denies that it is liable to Plaintiff. _See_ 815 ILCS 205/2.**

34.     The January 8, 2024, Letter also states that $12.72 in "interest" had accrued on the Account.

**ANSWER:     Defendant admits that its records indicate that at some point, interest had accrued on the Account. Defendant does not have a copy of the January 8, 2024, Letter sent to Plaintiff; it has a copy of the letter template. Thus, upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the remaining allegations in this paragraph.**

35.     Plaintiff did not incur a debt with Downers Dental.

**ANSWER:     Defendant admits that the debt on the Account was regrading Christine Scales, Plaintiff's wife, and is chargeable to Plaintiff under 750 ILCS 65/15.  Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the remaining allegations in this paragraph.**

36.     Plaintiff does not have an account with Downers Dental.

**ANSWER:** **Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the allegations in this paragraph.**

37.     Plaintiff did not execute any documents agreeing to be financially responsible for the debts of his wife, or guaranty the payment of his wife's account to Downers Dental.

**ANSWER:** **Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the allegations in this paragraph.**

38.     Concerned that CPI claimed that Defendant owed a debt that he did not incur, Plaintiff obtained a copy of his credit report and discovered that on June 22, 2023, CPI reported the Account to the credit reporting agencies as a defaulted consumer debt that Plaintiff was responsible for paying.

**ANSWER:** **Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the remaining allegations in this paragraph.**

39.     CPI's report of derogatory credit information regarding Account to the credit reporting agencies was illegal and inaccurate.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

40.     CPI's inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

41.     On January 26, 2024, Plaintiff disputed the credit reporting with Transunion in writing.

**ANSWER:** **Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the allegations in this paragraph.**

42.     In his dispute, Plaintiff demonstrated to Transunion that the Account was his wife's account, not his Account, and that CPI's reporting of the Account on his credit report should be removed.

**ANSWER:     Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the allegations in this paragraph.**

43.     In his dispute, Plaintiff requested that the tradeline related to the Account be investigated.

**ANSWER:     Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the allegations in this paragraph.**

44.     Upon information and belief, after Transunion received the dispute, it notified CPI of Plaintiffs dispute and the nature of the dispute.

**ANSWER:     Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the allegations in this paragraph.**

45.     CPI received notification from Transunion of Plaintiffs dispute and the nature of the dispute.

**ANSWER:     Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the allegations in this paragraph.**

46.     CPI responded with an Automated Credit Dispute Verification ("ACDV') falsely verifying the information it furnished *to* Transunion was accurate.

**ANSWER:     Defendant denies that it "falsely" verified that the information it furnished to TransUnion was accurate. Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the remaining allegations in this paragraph.**

47.     The false and derogatory credit information remained on Plaintiff's credit report through the date of the filing of this lawsuit.

**ANSWER:     Defendant denies that it reported false and derogatory credit information. Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the remaining allegations in this paragraph.**

48.     The information reported by CPI was not accurate.

**ANSWER:     Defendant denies the allegations in this paragraph.**

49.     On April 15, 2024, Plaintiff called CPI, and spoke with "Amanda."

**ANSWER:     Defendant admits the allegations in this paragraph.**

50.     On the phone call with Amanda, Plaintiff again disputed the alleged debt directly with CPI.

**ANSWER:     Defendant denies the allegations in this paragraph.**

51.     Amanda stated that the debt was represented by paperwork in CPI's files, but refused to provide Plaintiff a copy of the paperwork.

**ANSWER:     Defendant denies the allegations in this paragraph.**

52.     On August 19, 2024, CPI sent Plaintiff a collection letter (the "August 19, 2024 Letter").

**ANSWER:     Defendant admits the allegations in this paragraph.**

53.     The August 19, 2024 Letter was a "communication" as that term is defined at §1692a(2) of the FDCPA.

**ANSWER:     Defendant denies the allegations of this paragraph as it calls for a legal conclusion to which no response is required. To the extent a response is required, upon reasonable inquiry, Defendant denies the allegations to the extent that they do not accurately cite or characterize the law when considered as a whole.**

54.     The August 19, 2024 Letter conveyed various information regarding the Account, including the amount owed, the identity of the original creditor, and demanded the Plaintiff pay the debt in full.

**ANSWER:     Defendant does not have a copy of the August 19, 2024, Letter sent to Plaintiff; it has a copy of the letter template. Thus, upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the remaining allegations in this paragraph.**

55.     Prior to August 19, 2024, CPI had not provided written notice to Plaintiff that it intended to charge interest on the debt, or the contractual or legal basis by which it claimed it was permitted to charge interest.

**ANSWER:     Defendant denies that it "had not provided written notice to Plaintiff that it intended to charge interest on the debt" prior to August 19, 2024. Defendant admits that its records indicate that it did not provide written notice to Plaintiff regarding "the contractual or legal basis by which it claimed it was permitted to charge interest" prior to August 19, 2024, but denies that it violated any statute, denies any wrongdoing, and denies that it is liable to Plaintiff. *See* 815 ILCS 205/2.**

56.     The August 19, 2024 Letter stated that $31.07 in interest had accrued on the Account.

**ANSWER:     Defendant admits that its records indicate that at some point, interest had accrued on the Account. Defendant does not have a copy of the August 19, 2024, Letter sent to Plaintiff; it has a copy of the letter template. Thus, upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the remaining allegations in this paragraph.**

57.     CPI was not retained or authorized to collect interest on the Account.

**ANSWER:     Defendant admits that the Account was placed with Defendant for collection, and denies that it was not authorized to collect interest on the Account. Upon**

reasonable inquiry, the knowledge and information readily available to Defendant renders it

unable to form a belief as to the as to the truth of the remaining allegations in this paragraph.

58.     The August 19, 2024 Letter also stated "[w]e would urge that you contact this office to discuss this matter in greater detail in order to arrive at a voluntary solution for the liquidation of the total due."

**ANSWER:     Defendant does not have a copy of the August 19, 2024, Letter sent to Plaintiff; it has a copy of the letter template. Thus, upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the remaining allegations in this paragraph.**

59.     The only involuntary way for CPI to collect the Account is by obtaining a judgment, and then subsequently garnishing Plaintiffs wages, or through some other legal process.

**ANSWER:     Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the allegations in this paragraph.**

60.     CPI was not retained by Downers Dental to file a lawsuit against Plaintiff.

**ANSWER:     Defendant admits that Downers Dental placed the Account with Defendant for collection. Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the remaining allegations in this paragraph.**

61.     Downers Dental does not sue consumers in Illinois.

**ANSWER:     Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the allegations in this paragraph.**

62.     CPI was not authorized to file a lawsuit against Plaintiff, and, in fact, no such lawsuit was forthcoming.

**ANSWER:** **Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the allegations in this paragraph.**

63.     Even if CPI were authorized to file a lawsuit to collect the Account, the lawsuit would be frivolous as the Account, if there were a balance, is owed by Plaintiffs wife, not Plaintiff.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

64.     The statement that "[w]e would urge that you contact this office to discuss this matter in greater detail in order to arrive at a voluntary solution for the liquidation of the total due" was a threat of litigation.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

65.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2)     The false representation of—**

**(A)     the character, amount, or legal status of any debt; or**

**(B)     any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt .**

**. . .     (5)     The threat to take any action that cannot legally be taken or that is not intended to be taken.**

**ANSWER:** **Defendant denies the allegations of this paragraph as it calls for a legal conclusion to which no response is required. To the extent a response is required, upon reasonable inquiry, Defendant denies the allegations to the extent that they do not accurately cite or characterize the law when considered as a whole.**

66.     CPI made deceptive and misleading representations, in violation of 15 U.S.C. §§ 1692e and e(2)(A) when it sent Plaintiff two collection letters demanding he pay a debt he did not owe.

15

**ANSWER:** **Defendant denies the allegations in this paragraph.**

67.    CPI made deceptive and misleading representations, in violation of 15 U.S.C. §§ 1692e and e(2)(A) when it sent Plaintiff two collection letters stating that he owed a debt that he was not legally responsible to pay, in an amount that was false.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

68.    CPI made deceptive and misleading representations, in violation of 15 U.S.C. §§ 1692e and e(2)(A) when it sent Plaintiff two collection letters demanding he pay a debt that misrepresented the amount of interest that had accrued or that interest could accrue at all.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

69.    The implication that interest continue to accrue was a violation of 15 U.S.C. 1692e(2)(A)'s prohibition on false representations of the "character, amount or legal status of any debt."

**ANSWER:** **Defendant denies the allegations in this paragraph.**

70.    CPI made deceptive and misleading representations, in violation of 15 U.S.C. §§ 1692e and e(2)(A) when it included "Interest" in reference to the amount owed on the Account. The inclusion of the reference implies that CPI may properly add interest to the Account, when it cannot.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

71.    The inclusion of interest misstates and inflates the amount allegedly owed on the Account.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

72.    The implication that interest continue to accrue was a violation of U.S.C. 1692e(2)(A)'s prohibition on false representations of the "character, amount or legal status of any debt."

**ANSWER:** **Defendant denies the allegations in this paragraph.**

73.    CPI's veiled threat that an involuntary solution for the liquidation of the Account was a violation of 15 U.S.C. § 1692e(5) because it was a threat to take an action that it could not legally take and that it did not intend to take.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

74.    15 U.S.C. § 1692f of the FDCPA provides as follows:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

**<u>ANSWER:</u>    Defendant denies the allegations of this paragraph as it calls for a legal conclusion to which no response is required. To the extent a response is required, upon reasonable inquiry, Defendant denies the allegations to the extent that they do not accurately cite or characterize the law when considered as a whole.**

75.    CPI violated 15 U.S.C. § 1692f and f(l) through its reference to "interest," and "Amount Owed" or representing that "[t]he balance provided on this notice may be different from the actual amount owed due to the accrual of interest" when no such interest was accruing, and the balance of the Account was static. In addition, the inclusion of these statements unfairly instilled a false sense of urgency in Plaintiff to address the Account.

**<u>ANSWER:</u>    Defendant denies the allegations in this paragraph.**

76.    On August 29, 2024, CPI updated its reporting of the Account with the credit reporting agencies.

**<u>ANSWER:</u>    Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the allegations in this paragraph.**

77.    CPI communicated credit information regarding the Account, including the original balance, and updated balance of $631, an account number, and the date reported.

**<u>ANSWER:</u>    Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the allegations in this paragraph.**

78.    CPI failed to communicate that Plaintiff disputed the Account when it communicated other information to the credit reporting agencies regarding the Account.

**<u>ANSWER:</u>    Defendant denies the allegations in this paragraph.**

79.    15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**

**ANSWER:    Defendant denies the allegations of this paragraph as it calls for a legal conclusion to which no response is required. To the extent a response is required, upon reasonable inquiry, Defendant denies the allegations to the extent that they do not accurately cite or characterize the law when considered as a whole.**

80.    CPI failed to communicate a dispute to the credit reporting agencies, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the Account to Trans Union.

**ANSWER:    Defendant denies the allegations in this paragraph.**

81.    Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

**ANSWER:    Defendant denies the allegations of this paragraph as it calls for a legal conclusion to which no response is required. To the extent a response is required, upon reasonable inquiry, Defendant denies the allegations to the extent that they do not accurately cite or characterize the law when considered as a whole.**

82.    CPI's false credit reporting adversely impacted Plaintiffs credit reputation and creditworthiness, and defamed Plaintiff's credit reputation.

**ANSWER:** **Defendant denies "false credit reporting." Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the remaining allegations in this paragraph.**

83.    A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA,* 526 F. 3d 142, 146-47 (4th Cir. 2008).

**ANSWER:** **Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the allegations in this paragraph.**

84.    On September 13, 2024, Plaintiff again contacted CPI, and spoke with "Molly."

**ANSWER:** **Defendant admits the allegations in this paragraph.**

85.    Plaintiff explained to Molly that the Account was not his and that their credit reporting had materially affected his credit score.

**ANSWER:** **Defendant admits that Plaintiff told Molly that the Account adversely impacted his credit rating. Defendant denies the remaining allegations in this paragraph.**

86.    Molly responded that if he were to pay the Account, CPI would "update" his credit report within a month after he paid the debt in full.

**ANSWER:** **Defendant admits that Molly told Plaintiff that if Plaintiff paid the Account in full, Defendant would update its reporting to the credit bureaus that the Account was paid in full with a $0 outstanding balance the month following the payment in full. Defendant denies the remaining allegations in this paragraph.**

87.    In an effort to put this matter behind him, and even though he did not owe the debt, Plaintiff offered to pay the "Principal" balance on the Account, in the amount of $599.36.

**ANSWER:** **Defendant admits that on the September 13, 2024, call with Molly, Plaintiff offered to pay $599.36 so long as the Account would be considered paid in full. Upon**

reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the allegations in this paragraph.

88.     CPI rejected his offer and demanded that Plaintiff pay $630.46.

**ANSWER:** **Defendant admits that it did not agree to accept a payment of $599.36 as payment in full for the Account. Defendant denies the remaining allegations in this paragraph.**

89.     Plaintiff was then transferred to "Greg" who indicated that he was a "manager" at CPI.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

90.     Plaintiff requested that Greg send Plaintiff documentation supporting the alleged debt, and CPI's right to collect interest.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

91.     CPI stated that it had no records to provide to prove the appropriate charges.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

92.     CPI refused to send Plaintiff documentation supporting either the balance on the Account, or that it had any evidence that he was responsible for payment of the Account.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

93.     Plaintiffs credit score was materially affected by CPI's reporting of the Account.

**ANSWER:** **Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the allegations in this paragraph.**

94.     Plaintiff changed his financial position, and has delayed an investment in a real estate project based on the negative impact to his credit score.

**ANSWER:** **Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the allegations in this paragraph.**

95.     He has also had to pay more for credit on other projects based on the false report to the credit reporting agencies that he owed a debt he did not owe.

**ANSWER:     Defendant denies "false report[ing] to the credit reporting agencies that he owed a debt that he did not owe." Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the remaining allegations in this paragraph.**

96.     Plaintiff paid significantly more interest on an automobile loan than he would have paid after Defendant reported a debt that he did not owe to the credit reporting agencies, and failed to mark that debt as disputed after Plaintiff disputed the debt.

**ANSWER:     Defendant denies that it "reported a debt that he did not owe to the credit reporting agencies" and denies that it "failed to mark the debt as disputed after Plaintiff disputed the debt." Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the as to the truth of the remaining allegations in this paragraph.**

**COUNT I**

**FAIR CREDIT REPORTING ACT**

97.     Plaintiff re-alleges the preceding paragraphs as is set forth fully in this Count.

**ANSWER:     Defendant restates its answers in the preceding paragraphs as its answer to this paragraph as if fully set forth herein.**

98.     CPI published false and inaccurate information to Transunion related to the Account and Plaintiff, and through Transunion, to all of Plaintiff's potential lenders and creditors on multiple occasions, including but not limited to the time frame from January 1, 2024 to August 29, 2024.

**ANSWER:     Defendant denies the allegations in this paragraph.**

99.     CPI willfully and negligently violated the FCRA, 15 U.S.C. §1681s-2(b) by continuing to report to Transunion the inaccurate information regarding Plaintiff and the Account without also including a notation that this debt was disputed.

**ANSWER:     Defendant denies the allegations in this paragraph.**

100.    CPI willfully and negligently violated the FCRA, 15 U.S.C. §1681s-2(b) by failing to review all relevant information regarding the Account and Plaintiffs dispute.

**ANSWER:    Defendant denies the allegations in this paragraph.**

101.    CPI willfully and negligently violated the FCRA, 15 U.S.C. §1681s-2(b)(l)(A) by failing to fully and properly investigate Plaintiffs dispute of its representations to Transunion related to the Account.

**ANSWER:    Defendant denies the allegations in this paragraph.**

102.    CPI willfully and negligently violated the FCRA, 15 U.S.C. §1681s-2(h) by failing to accurately respond to Transunion.

**ANSWER:    Defendant denies the allegations in this paragraph.**

103.    CPI willfully and negligently violated the FCRA, 15 U.S.C. §1681s-2(b) by failing to correctly report the results of an accurate investigation to every other credit reporting agency that had adopted Transunion's reporting.

**ANSWER:    Defendant denies the allegations in this paragraph.**

104.    CPI willfully and negligently violated the FCRA, 15 U.S.C. §1681s-2(b) by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Account on Plaintiff's credit profile.

**ANSWER:    Defendant denies the allegations in this paragraph.**

105.    As a direct and proximate result of the actions and omissions of CPI, the Plaintiff suffered loss of credit, harm to his credit score, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

**ANSWER:    Defendant denies the allegations in this paragraph.**

106.    CPI's actions and omissions were willful rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 16810.

**ANSWER:    Defendant denies the allegations in this paragraph.**

107.    Plaintiff is entitled to recover costs and attorney's fees from CPI in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and§ 16810.

**ANSWER:    Defendant denies the allegations in this paragraph.**

**COUNT II**

**FAIR DEBT COLLECTION PRACTICES ACT**
**(Individually, and on Behalf of all Others Similarly Situated, Against CPI)**

108.    Plaintiff re-alleges the preceding paragraphs as is set forth fully in this Count.

**ANSWER:    Defendant restates its answers in the preceding paragraphs as its answer to this paragraph as if fully set forth herein.**

109.    CPI violated 15 U.S.C. § 1692e of the FDCPA by attempting to collect a debt from Plaintiff that Plaintiff did not owe.

**ANSWER:    Defendant denies the allegations in this paragraph.**

110.    CPI violated 15 U.S.C. § 1692e of the FDCPA by misrepresenting that it was permitted to charge interest and additional fees in the future, and that the debt had accrued and would continue accruing interest.

**ANSWER:    Defendant denies the allegations in this paragraph.**

111.    CPI violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by misrepresenting the character of the debt as one that accrued interest and fees, and the amount of the debt by alleging that Plaintiff owed a debt he did not owe.

**ANSWER:    Defendant denies the allegations in this paragraph.**

112.    CPI violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by misrepresenting the amount of the debt, claiming that the accrued interest was due and payable.

**ANSWER:    Defendant denies the allegations in this paragraph.**

113.    CPI violated 15 U.S.C. § 1692e(5) of the FDCPA by threatening to charge interest and late fees that it was not permitted to charge.

**ANSWER:    Defendant denies the allegations in this paragraph.**

114.    CPI violated 15 U.S.C. § 1692e(5) of the FDCPA by threatening to commence litigation or an involuntary liquidation of the debt, when it had not been retained to file a lawsuit and Downers Dental does not sue consumers in Illinois.

**ANSWER:    Defendant denies the allegations in this paragraph.**

115.    CPI violated 15 U.S.C. § 1692e(8) of the FDCPA when it communicated false information to the credit reporting agencies regarding Plaintiff, including that he owed the debt, and through its failure to communicate to the credit reporting agencies that he disputed the debt."

23

**ANSWER:** **Defendant denies the allegations in this paragraph.**

116.    CPI violated §1692f by using unfair and unconscionable means to collect a debt by its reference to "interest," and representing that "the balance provided on this notice may be different from the actual amount owed doe to the accrual of interest." In addition to unfairly instilling a false sense of urgency in Plaintiff to address the Account, the inclusion of these references suggest that interest and fees would be properly collectible.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

117.    CPI violated §1692f(l) by using unfair and unconscionable means to collect a debt by its reference to "interest," and representing that "the balance provided on this notice may be different from the actual amount owed doe to the accrual of interest." In addition to unfairly instilling a false sense of urgency in Plaintiff to address the Account, the inclusion of these references suggest that interest and fees would be properly collectible.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

118.    CPI violated §1692f by using unfair and unconscionable means to collect a debt by continuing to credit report the Account to the credit reporting agencies, defending Plaintiffs dispute of the Account with the credit reporting agencies, and refusing to provide Plaintiff with evidence of the debt, when it had no written documentation proving that Plaintiff was obligated on the Account.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

## AFFIRMATIVE DEFENSES

Defendant Collection Professionals, Inc. ("Defendant" or "CPI") pleads the following affirmative defenses and legal defenses, without assuming the burden of proof where it lies with Plaintiff and without prejudice or waiver of its right to assert other or further defenses in the event that they should become applicable as a result of discovery, further investigation, or any subsequent changes in the law or the status of the parties.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is responsible for the Account under the Illinois Family Expense Act, 750 ILCS 65/15.

## SECOND AFFIRMATIVE DEFENSE

Defendant acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it so acted and to the extent any injury was sustained by Plaintiff, which Defendant disputes, such injury was the result of a bona fide error despite the presence of reasonable procedures in place to prevent such errors.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

All times pertinent herein, Plaintiff's alleged damages were the result of the knowing, willful actions of Plaintiff, and constituted a course of conduct pursued voluntarily and knowingly by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the actions, inaction, and/or omissions of third parties and/or intervening causes of which Defendant has no control and has assumed no liability.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to pursue the relief sought in the Complaint as Plaintiff has not sustained an injury.

Defendant reserves the right to assert additional affirmative defenses as the grounds for such affirmative defenses are discovered.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant was permitted to charge interest under the Illinois Interest Act, 815 ILCS 205/2.

### PRAYER FOR RELIEF

WHEREFORE, Defendant, COLLECTION PROFESSIONALS, INC., prays that this Court enter judgment in its favor and against the Plaintiff as follows:

1.     Dismissing all causes of action against Defendant with prejudice and on the merits;

2.     Awarding costs and attorney's fees pursuant to 15 U.S.C. § 1692k, in favor of Defendant; and

3.     Awarding Defendant such other and further relief as the Court deems just and equitable.

HINSHAW & CULBERTSON LLP

By:   /s/ *Margaret A. Hayes*

Attorney for Defendant,
COLLECTION PROFESSIONALS, INC.

Justin M. Penn
Margaret A. Hayes
Hinshaw & Culbertson LLP
151 North Franklin Street / Suite 2500
Chicago, IL 60606
312-704-3000
jpenn@hinshawlaw.com
mhayes@hinshawlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that on **October 17, 2025,** I electronically filed the foregoing with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service of to be served upon all parties of record.


                    HINSHAW & CULBERTSON LLP


                    s/ *Margaret Hayes*
                    Margaret Hayes